UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMANDA MILLER,

                                        Plaintiff,

     v.                                                                    Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,

                                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Amanda Miller, is a natural person residing in the County of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Portfolio Recovery Associates, L.L.C., is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9.  That Plaintiff incurred a credit card debt to Citibank.  This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, sometime after Plaintiff defaulted on the Citibank account, Defendant acquired the account from Citibank and began to collect on the subject debt.

13. That in or about March of 2011, Defendant sued the Plaintiff in North Tonawanda City Court for the subject debt.

14. That Plaintiff answered Defendant's Complaint and discovery demands and filed same with the North Tonawanda City Court in March of 2011, disputing the subject debt and requesting the Complaint be dismissed.

15. That Plaintiff pulled her Equifax and Experian credit reports in August of 2012 and the subject debt appeared on Plaintiff's credit reports and were not reported as "disputed by customer".

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A.  Defendant violated 15 U.S.C. §1692e(8) by reporting false credit information on Plaintiff's credit reports by failing to state that the Plaintiff disputed owing the alleged subject debt.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 10, 2013

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
khiller@kennethhiller.com